IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Katherine Delgado,<br><br>    Plaintiff,<br><br>v.<br><br>Collection Professionals, Inc.,<br><br>    Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

   For this Complaint, Plaintiff, Katherine Delgado, by undersigned counsel, states as follows:

## JURISDICTION

   1.  This action arises out of Defendant's repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

   2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

   3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

   4.  Plaintiff, Katherine Delgado ("Plaintiff"), is an adult individual residing in Joliet, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

   5.  Defendant, Collection Professionals, Inc. ("CPI"), is an Illinois business entity with an address of 400 N Dudley Street, Macomb, Illinois 61455, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to CPI for collection, or CPI was employed by the Creditor to collect the Debt.

9. CPI attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **CPI Engages in Harassment and Abusive Tactics**

10. Plaintiff received a statement from the Creditor dated March 1, 2023, stating that Plaintiff owed a balance of $460.80 that was 90 days past due.

11. By letter dated March 2, 2023 (the "Letter"), CPI contacted Plaintiff in an attempt to collect the Debt.

12. In the Letter, CPI stated that as of March 1, 2023, Plaintiff owed a balance of $599.04. This amount is inconsistent with the amount the Creditor claimed Plaintiff owed as of March 1, 2023, which was $460.80.

13. In the Letter, CPI stated, "between March 1, 2023 and today" Plaintiff was not charged any interest or fees.

14. CPI's statement that Plaintiff was not charged any interest or fees only accounted for a period of one day, from March 1, 2023 to March 2, 2023, when it appears that CPI received Plaintiff's account for collection.

15. The Letter was designed to obscure the collection fee that increased the amount of the Debt from $460.80 to $599.04 on March 1, 2023.

16. CPI reported to the credit bureaus that Plaintiff owed an "original balance" of $599.00, and a "past due amount" of $600.00.

17. According to the March 1, 2023 statement from the Creditor, the "original balance" from the Creditor was $460.80.

18. CPI's reporting to the credit bureaus that the "original balance" is $599.00 is false and deceptive.

19. CPI inaccurately reported the "original balance" of the medical debt to put it over the $500.00 threshold to report medical debts to the credit reporting agencies.

20. In or around April 2023, Plaintiff verbally disputed the Debt during a conversation with CPI.

21. CPI failed to report to the credit bureaus that Plaintiff disputed the Debt.

22. CPI's actions caused Plaintiff a great deal of confusion, frustration, distress and financial harm.

C. **Plaintiff Suffered Actual Damages**

23. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

24. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

26. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

27. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

29. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

30. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant failed to report that the Debt was disputed to the credit bureaus.

31. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

32. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

33. Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 11, 2023

    Respectfully submitted,

    By  /s/ Sergei Lemberg

    Sergei Lemberg, Esq.
    LEMBERG LAW, L.L.C.
    444 North Michigan Avenue, Suite 1200
    Chicago, IL 60611
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    Attorney for Plaintiff