# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Katherine Delgado, | ) |
| Plaintiff, | ) |
| | ) Case No. 23-cv-14754 |
| v. | ) |
| | ) Judge: Sharon Johnson Coleman |
| Collection Professionals, Inc., | ) |
| Defendant. | ) |

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, COLLECTION PROFESSIONALS, INC. ("Defendant" or "CPI"), by and through its counsel, Justin M. Penn and Kate Scolaro, and for its Amended Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. et seq. ("FDCPA").

**ANSWER:** **Subject to its affirmative defenses, Defendant does not contest jurisdiction.**

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:** **Subject to its affirmative defenses, Defendant does not contest jurisdiction.**

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**ANSWER:** **Defendant does not contest venue.**

## PARTIES

4. Plaintiff, Katherine Delgado ("Plaintiff"), is an adult individual residing in Joliet, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

5. Defendant, Collection Professionals, Inc. ("CPI"), is an Illinois business entity with an address of 400 N Dudley Street, Macomb, Illinois 61455, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**ANSWER: Defendant admits that it does business in Illinois and operates at the address described. Defendant admit that in certain circumstances and in certain instances, it collects defaulted consumer debts. Upon reasonable inquiry, CPI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

**ANSWER: Defendant admits that Plaintiff incurred and failed to pay a debt she owes.**

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. 1692a(5).

**ANSWER:** **Upon information and belief, CPI admits the allegations of this paragraph.**

8. The Debt was purchased, assigned or transferred to CPI for collection, or CPI was employed by the Creditor to collect the Debt.

**ANSWER:** **Defendant admits the allegations contained in this paragraph.**

9. CPI attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**ANSWER:** **Defendant admits the allegations in this paragraph.**

**B.** **CPI Engages in Harassment and Abusive Tactics**

10. Plaintiff received a statement from the Creditor dated March 1, 2023, stating that Plaintiff owed a balance of $460.80 that was 90 days past due.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant render it unable to form a belief as to the truth of the information contained in this paragraph.**

11. By letter dated March 2, 2023 (the "Letter"), CPI contacted Plaintiff in an attempt to collect the Debt.

**ANSWER:** **Defendant admits the allegation contained in this paragraph.**

12. In the Letter, CPI stated that as of March 1, 2023, Plaintiff owed a balance of $599.04. This amount is inconsistent with the amount the Creditor claimed Plaintiff owed as of March 1, 2023, which was $460.80.

**ANSWER:** **Defendant denies the allegations in the first sentence of this paragraph accurately convey the nature of the Letter when read as a whole. Defendant denies the remaining allegations contained in this paragraph.**

3

13. In the Letter, CPI stated, "between March 1, 2023 and today" Plaintiff was not charged any interest or fees.

**ANSWER: Defendant denies the allegations in this paragraph accurately convey the nature of the Letter when read as a whole.**

14. CPI's statement that Plaintiff was not charged any interest or fees only accounted for a period of one day, from March 1, 2023 to March 2, 2023, when it appears that CPI received Plaintiff's account for collection.

**ANSWER: Defendant denies the allegations in this paragraph accurately convey the nature of the Letter when read as a whole.**

15. The Letter was designed to obscure the collection fee that increased the amount of the Debt from $460.80 to $599.04 on March 1, 2023.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

16. CPI reported to the credit bureaus that Plaintiff owed an "original balance" of $599.00, and a "past due amount" of $600.00.

**ANSWER: Defendant denies the allegations contained in this paragraph accurately characterize the nature of its conduct because, for example, it is not a credit reporting agency and does not report credit information to others.**

17. According to the March 1, 2023 statement from the Creditor, the "original balance" from the Creditor was $460.80.

**ANSWER: Upon reasonable inquiry, the knowledge and information readily available to Defendant render it unable to form a belief as to the truth of the information contained in this paragraph.**

18. CPI's reporting to the credit bureaus that the "original balance" is $599.00 is false and deceptive.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

19. CPI inaccurately reported the "original balance" of the medical debt to put it over the $500.00 threshold to report medical debts to the credit reporting agencies.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

20. In or around April 2023, Plaintiff verbally disputed the Debt during a conversation with CPI.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

21. CPI failed to report to the credit bureaus that Plaintiff disputed the Debt.

**ANSWER:** **Defendant denies that Plaintiff disputed the Debt. Defendant therefore denies that it had an obligation to report a dispute when a dispute did not occur.**

22. CPI's actions caused Plaintiff a great deal of confusion, frustration, distress and financial harm.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

C. <u>Plaintiff Suffered Actual Damages</u>

23. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

24. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## COUNT II
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** **Defendant hereby repeats and restates its answers to paragraphs 1-22 as if fully set forth herein.**

26. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence or which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

27. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

28. Defendant's conduct violated 15 U.S.C. 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

29. Defendant's conduct violated 15 U.S.C. 1692e(8) in that Defendant threatened to communicate false credit information.

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

30. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant failed to report that the Debt was disputed to the credit bureaus.

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

31. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

32. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

   **ANSWER:** **Defendant denies the allegations in this paragraph.**

33. Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

**ANSWER: Defendant denies the allegations in this paragraph.**

34. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

**ANSWER: Defendant denies the allegations in this paragraph.**

35. Plaintiff is entitled to damages as a result of Defendant's violations.

**ANSWER: Defendant denies the allegations in this paragraph.**

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, COLLECTION PROFESSIONALS, INC., for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

### First Affirmative Defense

Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, was not intentional and would have resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the Fair Debt Collection Practices Act. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

### Second Affirmative Defense

Defendant affirmatively states that Plaintiff lacks standing to bring the instant claims. Plaintiff has no injury in fact and therefore no standing under Article III of the United States Constitution.

Respectfully submitted,

COLLECTION PROFESSIONALS, INC., Defendant

HINSHAW & CULBERTSON LLP

*/s/ Justin M. Penn*
Justin M. Penn

Justin M. Penn
Kate Scolaro
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001

## CERTIFICATE OF SERVICE

I, Justin Penn, an attorney, certify that on **December 14, 2023**, I caused to be served a copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** by: depositing same in the U.S. Mail box at 151 North Franklin Street, Chicago, Illinois 60606, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile transmitted from (312) 704-3001; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

__X__ CM/ECF
____ Facsimile
____ Federal Express
____ E-Mail & U.S. Mail
____ Messenger

To: All Parties of Record

*/s/ Justin M. Penn*
Justin M. Penn

59280\315569425.v1